IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GEORGE L. HOGUE,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )    Case No. CIV-10-1270-M
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of the Social          )
Security Administration,            )
                                    )
            Defendant.              )

## REPORT AND RECOMMENDATION

Mr. George Hogue applied for insurance benefits and supplemental security income based on an alleged disability. *See* Administrative Record at pp. 13, 97-99 (certified Apr. 25, 2011) ("Record").[1] The Social Security Administration rejected the claim,[2] and Mr. Hogue initiated the present action. The Court should affirm the decision of the Social Security Administration.

I.      STANDARD OF REVIEW

The scope of review is limited, as the Court considers only whether the administrative law judge had correctly applied legal standards and had substantial evidence for the factual findings. *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004). In applying this standard, the Court cannot reweigh the evidence or substitute its judgment for that of the

---

[1]     The documents relating to the claim for supplemental security income were not included in the administrative record. *See* Record at p. 2.

[2]     Record at pp. 4-6, 13-29, 31, 33.

Social Security Administration. *See Hamilton v. Secretary of Health & Human Services*, 961

F.2d 1495, 1498 (10th Cir. 1992). The evidence must be greater "than a scintilla," but may

amount to "less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)

(citation omitted).

II.     BACKGROUND

Mr. Hogue appeared before an administrative law judge for a hearing on his

applications. Record at p. 431. There testimony was elicited from Dr. Ashok Khushalani,

an impartial medical expert. *Id.* at pp. 442-450. Dr. Khushalani testified that based on his

review of the medical records, he believed that the Plaintiff suffered from "mild" limitations

in his ability to interact with the public, supervisors, and coworkers. *Id.* at p. 446. The

subsequent witnesses included Mr. Hogue, his sister, and a vocational expert. *Id.* at pp. 450-

94. Following the testimony by the vocational expert, the administrative law judge asked Dr.

Khushalani:

> Doctor, I'm not going to ask you to testify about what you've just heard today
> but you've been listening to this hearing. Is there any other consultative
> examinations suggested to you by what you heard or anything that would help
> me with this case that I might obtain?

*Id.* at p. 494. The doctor responded that a consultative examination with neuropsychological

testing would be helpful, as Mr. Hogue displayed obsessive-compulsive characteristics. *Id.*

at pp. 494-96. The administrative law judge stated that he would arrange for the testing. *Id.*

at pp. 498-500. Ultimately, Dr. Richard Swink conducted a test which revealed greater

restrictions than those identified by Dr. Khushalani at the hearing. *Id.* at pp. 415, 425-26.

Prior to issuance of Dr. Swink's report, however, the administrative law judge concluded that the Plaintiff was not disabled. *Id.* at pp. 13-29.  According to the judge, Mr. Hogue was only "mildly" limited in his inability to interact with the public, supervisors, or coworkers. *Id.* at p. 23.  These findings correlated with Dr. Khushalani's testimony. *See supra* p. 2.  But when the judge rendered these conclusions, he did not have the benefit of Dr. Swink's neuropsychological testing.

III.    NO ERROR IN THE FAILURE TO DISCUSS DR. SWINK'S OPINION

Mr. Hogue alleges that the administrative decision was erroneous because it failed to reflect consideration of the post-decision evidence by Dr. Swink.  The Plaintiff is incorrect.

When the administrative law judge issued his written decision, Dr. Swink had not yet written a report.  Obviously, then, the judge could not have considered the report in his decision.  Subsequent to the decision, however, the Plaintiff sought review with the Appeals Council.  Record at pp. 391-430.  With the appeal, Mr. Hogue submitted Dr. Swink's report. *See id.* at pp. 411-21.  The Appeals Council stated that it had considered the evidence, but concluded that it did "not provide a basis for changing the Administrative Law Judge's decision." *Id.* at pp. 4-5.

Mr. Hogue argues that "the decision fail[ed] to demonstrate any consideration of the medical opinions set forth in the examination report from Dr. Richard H. Swink, Ph.D." Plaintiff's Brief in Opposition to Commissioner's Denial of Disability Benefits at p. 4 (Aug. 15, 2011).  The Plaintiff does not say whether he is referring to the "decision" by the administrative law judge or the Appeals Council.  But the administrative law judge's decision

could not have reflected consideration of Dr. Swink's opinion, as it did not exist at that time.

The only decisionmaker to receive the report, the Appeals Council, said that it had

considered the document.  *See supra* p. 3.  As a result, the Plaintiff's argument is invalid.

The Tenth Circuit Court of Appeals addressed a similar issue in *Martinez v. Barnhart*,

444 F.3d 1201 (10th Cir. 2006).  There the plaintiff alleged that the Appeals Council had

failed to consider new evidence and had not adequately discussed the effect of the evidence

on the record as a whole.  *See Martinez v. Barnhart*, 444 F.3d at 1207.  The Tenth Circuit

Court of Appeals rejected the argument, stating:

> The Appeals Council stated it "considered the contentions submitted in connection with the request for review, as well as the additional evidence identified on the attached Order of the Appeals Council."
>
> . . . .
>
> The Appeals Council concluded, however, "neither the contentions nor the additional evidence provide a basis for changing the Administrative Law Judge's decision."  As a result, we conclude that the Appeals Council adequately "considered ... the additional evidence," meaning that it "evaluate[d] the entire record including the new and material evidence submitted."
>
> . . . .
>
> While an express analysis of the Appeals Council's determination would have been helpful for purposes of judicial review, Mr. Martinez points to nothing in the statutes or regulations that would require such an analysis where new evidence is submitted and the Appeals Council denies review.  We therefore reject Mr. Martinez's contention that the Appeals Council erred by failing to specifically discuss Dr. Olivares' treatment records.

*Id.* at 1207-1208 (citations omitted).

*Martinez v. Barnhart* is controlling on Mr. Hogue's argument concerning the Appeals Council's consideration of Dr. Swink's report. Here, the Appeals Council employed nearly identical language as it had in *Martinez. See supra* pp. 3-5. For example, the Appeals Council stated that it had considered the new report by Dr. Swink. Record at pp. 4-5; *see supra* p. 3. When "the Appeals Council explicitly states that it considered the evidence, there is no error, even if the order denying review includes no further discussion." *Martinez v. Astrue*, 389 Fed. Appx. 866, 868-69 (10th Cir. Aug. 3, 2010) (unpublished op.) (citing cases, including *Martinez v. Barnhart*, 444 F.3d 1201, 1207-1208 (10th Cir. 2006)). Thus, the Court should conclude that the agency had adequately considered the report by Dr. Swink.

## IV.   RECOMMENDATION

The Court should affirm the decision of the Social Security Administration.

## V.   NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2010 supp.). The deadline for objections is February 24, 2012. *See* Fed. R. Civ. P. 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## VI.   STATUS OF THE REFERRAL

The referral is discharged.

Entered this 7th day of February, 2012.

_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge